UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-00328-JLS-MAA | Date: March 24, 2025 |
| Title:  Oscar Covarrubias v. Ford Motor Company et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 11)**

Before the Court is a Motion to Remand filed by Plaintiff Oscar Covarrubias. (Mot., Doc. 11.)  Defendant Ford Motor Company opposed, and Plaintiff replied.  (Opp., Doc. 15; Reply, Doc. 17.)  Having taken the matter under submission, and for the following reasons, the Court DENIES Plaintiff's Motion.

## I.   BACKGROUND

On August 26, 2024, Plaintiff filed this Song-Beverly Consumer Warranty Act action in Los Angeles Superior Court against Defendant, alleging claims for breach of express and implied warranty and Section 1793.2 of the Song-Beverly Act arising out of Plaintiff's purchase of a 2023 Ford F-150 (the "Subject Vehicle").  (Ex. A to Notice of Removal ("NOR"), Compl. ¶¶ 20–61, Doc. 1-1.)  Plaintiff alleges that he is "an individual residing in the City of La Habra, State of California," that Defendant "is and was a Delaware Corporation," and that the approximate value for the Subject Vehicle "as reflected in the sales contract" is "$80,143.92." (*Id.* ¶¶ 2–3, 8.)  Plaintiff seeks, among other things, general, special, and actual damages and "a civil penalty of up to two times the amount of actual damages." (*Id.* at 12.)  Plaintiff served his Complaint on Defendant on August 28, 2024.  (NOR at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-00328-JLS-MAA                        Date: March 24, 2025
Title: Oscar Covarrubias v. Ford Motor Company et al

      On January 10, 2025, Defendant "first became apprised of the amount in controversy … by reviewing the retail sales contract … and performing offset calculations." (*Id.* at 2–3.) On January 13, 2025, Defendant removed the action to federal court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332—asserting that complete diversity of citizenship exists, as Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Michigan, and that the amount in controversy exceeds $75,000. (*Id.* at 4–5.) Defendant's Notice of Removal states that the potential amount in controversy with civil penalties is at least "$181,284.00" considering actual damages in the sum of a "repurchase amount" of $60,428.00 for the Subject Vehicle—calculated by subtracting a mileage use offset of $72 from $60,500.00 ("the amount paid and payable for the Subject Vehicle")—and Plaintiff's request for civil penalties two times the amount of actual damages. (*Id.* at 5–7.) These amounts differ slightly from those presented in Defendant's opposition to Plaintiff's motion, which provides $1,950.11 as an estimated milage use offset, and includes the Retail Installment Sales Contract ("RISC") showing a "total cash price" of $66,290.59 for the Subject Vehicle. (Opp. at 15–16; Ex. C to Richardson Decl., RISC at 3, Doc. 15-2.)

      Plaintiff moved to remand the case on February 12, 2025. (Mot.)

      **II.**     **LEGAL STANDARD**

      A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A federal court has diversity jurisdiction under 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-00328-JLS-MAA | Date: March 24, 2025 |
| Title:  Oscar Covarrubias v. Ford Motor Company et al | |

1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter*, 582 F.3d at 1042 (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  "[T]he defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "We strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

### III.  ANALYSIS

#### A.  Defendant's Removal was Timely

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  But where "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).  The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'"  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

Plaintiff contends that Defendant's removal was untimely because it was clear from the face of the Complaint that the amount-in-controversy was at least $75,000 and that Plaintiff is a citizen of California.  (Mot. at 10–11.)  The Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00328-JLS-MAA                                        Date: March 24, 2025
Title:  Oscar Covarrubias v. Ford Motor Company et al

  The Song-Beverly Act provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorney fees.  Cal. Civ. Code § 1794(a)–(d).  Actual damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."  Cal. Civ. Code §§ 1793.2(d)(1) and (2).  "The Act provides a specific formula to calculate this reduction based on the vehicle's mileage prior to the buyer first delivering it for repair."[1] *Niedermeier v. FCA US LLC*, 56 Cal. App. 5th 1052, 1065 (2020).  The Ninth Circuit has explained that "consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy because "an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable."  *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (internal quotation marks and citation omitted); *see also Manukyan v. Mercedez-Benz USA, LLC*, 2024 WL 5440725, at *2 (C.D. Cal. Dec. 10, 2024) (applying *Schneider* outside the CAFA context).  In addition, a plaintiff's recovery under the Song-Beverly Act is limited to the actual amount paid to the seller.  *Alvarado v. FCA US, LLC*, 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017) (calculating actual damages by using "the total cash price paid for the subject vehicle" including "any paid finance charges."); *see also Luna v. FCA US LLC*, 2021 WL 4893567, at *7 (N.D. Cal. Oct. 10, 2021) ( using total cash price listed in RISC to calculate actual damages where "the court [could not] determine whether [p]laintiff has paid all the finance charges that are included in the total sale price of the Vehicle").

---

[1] The Song-Beverly Act provides that "[t]he amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00328-JLS-MAA                                                          Date: March 24, 2025
Title:  Oscar Covarrubias v. Ford Motor Company et al

Here, the Complaint did not make clear whether the amount in controversy exceeds the jurisdictional threshold, as it states only the approximate value of the Subject Vehicle without providing any information as to the total cash price for the Subject Vehicle or any information from which the mileage use offset can be determined.  (*See* Compl.)  *See also Alvarado*, 2017 WL 2495495, at *4 (recovery limited to amount actually paid by seller as reduced by "amount directly attributable to use by consumer prior to the first repair"); *see also Schneider*, 756 F. App'x at 701 n.3.  Because any estimate of actual damages is uncertain from the face of Plaintiff's Complaint, any estimate of civil penalties is equally uncertain.  *Leigh v. FCA US LLC*, 2021 WL 4551864, at *3 (C.D. Cal. Oct. 5, 2021) (concluding that an "estimate of civil penalties [was] unsupported and speculative" where actual damages were uncertain because "civil penalties under the [Song-Beverly] Act are based on actual damages.")  Thus, Plaintiff's Complaint did not trigger Defendant's first thirty-day deadline for removal.  *See* 28 U.S.C. § 1446(b)(1).  Correspondingly, Defendant's removal after the conclusion of its "investigat[ion] [into] all offsets and calculat[ion] [of] actual damages" was timely.[2]  (Opp. at 11–13; *see also* NOR at 3.)

To the extent the Court held differently in *Pulcini v. Ford Motor Co.*, 2024 WL 4836469, at *3 (C.D. Cal. Nov. 19, 2024), it no longer adheres to that reasoning.  Some courts have held, as in *Pulcini*, that a complaint specifying only the approximate value of the vehicle without information as to the mileage use offset triggers the thirty-day removal clock.  *See, e.g.*, *Pano v. Ford Motor Co.*, 2025 WL 438715, at *1 (C.D. Cal. Feb. 7, 2025) (allegation specifying approximate value of vehicle as $51,185.06 triggered thirty-day removal clock); *Zamora v. Ford Motor Co.*, 2025 WL 243170, at *2 (C.D. Cal. Jan. 17, 2025) (similar where approximate value alleged was $26,268.56).  Other courts within this Circuit have held that the first 30-day removal period is not triggered by a complaint that fails to account for the actual purchase price of a vehicle and/or the

---

[2] Because this conclusion is dispositive as to the timeliness of removal, the Court need not address Plaintiff's argument that diversity of citizenship was clearly ascertainable from the face of the Complaint.  (Mot. at 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00328-JLS-MAA                                         Date: March 24, 2025
Title:  Oscar Covarrubias v. Ford Motor Company et al

mileage use offset.  *See, e.g.*, *Fang v. Ford Motor Co.*, 2022 WL 3444715, at *5 (E.D. Cal. Aug. 17, 2022) (concluding that removal was timely in part because defendant was not "required to speculate as to the purchase price or the applicable mileage offset to calculate [p]laintiff's damages and the amount in controversy with the limited vehicle information provided in the complaint").  Courts within this Circuit have also routinely found remand proper where a removing defendant's damages calculations failed to account for the actual purchase price of a vehicle and/or the mileage use offset.  *See, e.g.*, *Jones v. FCA US, LLC*, 2022 WL 1154534, at *2 (C.D. Cal. Apr. 18, 2022) (defendant's calculations "speculative" where defendant relied on "total sale price" of vehicle and did not account for the mileage offset). The Court is mindful of the imbalance that would result from allowing a plaintiff to start the removal clock with a complaint that fails to include allegations as to the actual purchase price of the vehicle or the vehicle's milage use offset, and then argue in a motion to remand that a defendant's damages calculations are speculative for failure to account for the actual purchase price and/or mileage use offset.  The Court thus concludes that in actions brought under the Song-Beverly Act, a complaint is indeterminate as to the amount in controversy when that complaint alleges only the approximate value of a vehicle without also providing any information as to the amount actually paid for the vehicle by plaintiff—*i.e.*, the total cash price paid for a purchased, or monthly payments made on a leased, vehicle.  A complaint is also indeterminate where it fails to provide information from which the vehicle's mileage use offset can be determined.  A defendant's timeline to remove is thus not triggered until a document or investigation reveals such information.

### B. Defendant's Removal was Proper

As noted above, pursuant to 28 U.S.C. §§ 1332, 1441, removal owing to an exercise of diversity jurisdiction is proper when the amount in controversy exceeds $75,000 and there is complete diversity among the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00328-JLS-MAA                                                  Date: March 24, 2025
Title:  Oscar Covarrubias v. Ford Motor Company et al

### i. Amount in Controversy

The Notice of Removal states that Defendant's investigation showed Plaintiff's actual damages to be at least "$60,428.00" considering the $60,500.00 "paid and payable for the Subject Vehicle" as reflected in the Subject Vehicle's RISC, and subtracting from that figure "a mileage offset of $72.00." (NOR at 6–7.)  As mentioned above, the figures Defendant used to calculate the amount in controversy in its Notice of Removal differ slightly from those presented alongside its opposition to Plaintiff's Motion—that is, the RISC reflects a "total cash price" of $66,290.59, and Plaintiff's repair orders show that "Plaintiff's use of the Subject Vehicle prior to the discovery of th[e] alleged nonconformity was 3,856 miles … result[ing] in an estimated milage offset of $1,950.11." (RISC at 3; Opp. at 15; *see also* Ex. D to Richardson Decl., Repair Order, Doc. 15-3.)  Using the evidence provided with Defendant's opposition, then, the actual damages at issue are reasonably calculated at $64,340.48 ($66,290.59 – $1,950.11).  (*See* RISC at 3; Repair Order.)  Defendant's Notice of Removal estimated that a potential amount in controversy would be at least $181,284.00 *before* including attorneys' fees, incidental and consequential damages, and prejudgment interest considering its calculation of actual damages and Plaintiff's request for "civil penalties 'of up to two times the amount of actual damages[.]'"  (NOR at 7; *see also* Compl. ¶ 34; RISC.)  Applying the same reasoning with the revised actual damages amount of $64,340.48 results in a potential amount in controversy of at least $193,021.44.  While civil penalties "cannot simply be assumed," *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019), in light of Plaintiff's assertion in its Motion that the amount in controversy is unquestionably over the $75,000 threshold (*see* Mot. at 11; Reply at 2), the Court concludes that Defendant has met its burden to establish that the amount in controversy exceeds $75,000.  *See Gaus*, 980 F.2d at 566.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00328-JLS-MAA                                                      Date: March 24, 2025
Title:  Oscar Covarrubias v. Ford Motor Company et al

### ii. Diversity of Citizenship

For purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be their state of citizenship. *See Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). In determining the citizenship of a corporation, "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Here, Plaintiff alleges that he is an "individual[] residing in the City of La Habra, State of California" and that Defendant is and was a Delaware corporation. (Compl. ¶¶ 2–3.) Defendant's Notice of Removal provides that its principal place of business is in Michigan, and further includes the La Habra address for Plaintiff. (NOR at 4; RISC at 2.) Thus, there is complete diversity between the parties.

Accordingly, Defendant's removal of this action on the basis of diversity was proper.

### IV. CONCLUSION

For the above reasons, Plaintiff's Motion is DENIED.

Initials of Deputy Clerk: kd